**Yugui JIANG, A 73 548 405 Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 04–5923–ag.

United States Court of Appeals, Second Circuit.

April 5, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Kristin L. Vassallo, Sean H. Lane, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Yugui Jiang, though counsel, petitions for review of the BIA decision denying a motion to reopen the BIA order affirming the decision of Immigration Judge Gabriel C. Videla ("IJ") denying his applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as a respondent in this case.

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Because the BIA issued Jiang's final order of removal on January 19, 1999, a motion to reopen would have been timely until April 20, 1999, *see* 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Jiang's motion, filed in September 2004, was over four years out of time. A motion that does not comply with the time and numerical limitations can only be brought where the alien can establish one of four limited exceptions. *See* 8 U.S.C. § 1229a(c)(7) (2005); 8 C.F.R. § 1003.2(c)(3) (2005). One such exception, the only one alleged to be applicable here, is where the alien can establish "changed circumstances arising in the country of nationality. . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005).

This Court has already held that a change in an individual's personal circumstances does not qualify under the above exception; an individual must demonstrate that the country conditions have changed in order for this exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child). In his motion to reopen, Jiang only asserts that his case should be reopened because his wife was pregnant with their second child. He does not claim that the Chinese government has changed the enforcement of the coercive family planning policy. Accordingly, the BIA did not abuse its discretion in denying Jiang's motion to reopen as failing to comply with the time limitations imposed on such motions.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).